UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

JOHN VINCENT and JOHN CHI      )
                               )
        Plaintiffs,            )
                               )        5:18-CV-419-JMH
v.                             )
                               )
ASHWINI ANAND                  )        **MEMORANDUM OPINION**
                               )        **AND ORDER**
        Defendant.            )

***

Plaintiffs, John Vincent and John Chi, filed suit against Defendant, Ashwini Anand, for breach of a guaranty agreement. This matter is before the Court pursuant to Plaintiffs' Motion for Summary Judgement [DE 31]. For the reasons set forth below, Plaintiffs' motion will be granted in part and denied in part.

**I. BACKGROUND**

Plaintiffs are the former principals of Pacer Health Corporation ("PHC"). [DE 31-1, at 2]. PHC owned all the stock in Pacer Holdings of Kentucky, INC. ("PHKI"). [*Id.*]. PHKI owned or had a majority interest in Pacer Health Management Corporation of Kentucky ("Pacer"). In December of 2006, Pacer entered into a Hospital Operating lease with Knox County in Kentucky and the Knox Hospital Corporation, which operated the Knox County Hospital (the "Hospital"). [*Id.*]. By the terms of the Lease, Pacer took managerial and operational control of the hospital. Pacer also assumed certain tax responsibility including remitting the

Hospital's "trust fund taxes." [*Id.* at 3]. However, Pacer was ultimately unable to pay the full amount owed for the first and second quarters of 2009. [*Id.* at 4]. In November of 2009, PHC entered into a Stock Purchase Agreement ("SPA") with Cumberland-Pacer, LLC ("Cumberland"), of which Defendant Anand was a member. [*Id.* at 5]. PHC sold its stock in PHKI to Cumberland, giving Cumberland a majority interest. Section 5.7 of the SPA required Cumberland to pay the outstanding trust fund taxes.[1] [DE 1-1, ID #30]. In addition to the SPA, Anand executed a separate Guaranty and Indemnification Agreement (the "Guaranty") personally guaranteeing payments of the trust fund taxes owed by Pacer.[2] [DE 34-1, ID #209].

When no further payments were made on the trust fund exposing Plaintiffs to liability on the delinquent taxes, PHC filed an action in this Court in 2010 to settle respective obligations under the Guaranty and SPA. [DE 34 at 7]. Despite the IRS determining that Plaintiffs were the "responsible persons" for tax purposes in February of 2011, the parties settled in January of 2012 (the "2012 Settlement Agreement") and Anand reaffirmed and modified his obligations in the Guaranty.[3] [DE 1-3, ID #54]. When the trust fund

---

[1] "Buyer shall...pay all outstanding federal and state withhold taxes of the Business arising out of…any period prior to the Closing."
[2] "Guarantor has agreed to...guarantee Cumberland's obligation to pay the trust fund portion of the delinquent federal and state withholding taxes owed by Pacer Health."
[3] "Notwithstanding the release of their specific obligations to guarantee the payment of one-third of the Medicare Receivables and at least $25,000.000 per

taxes remained unpaid, PHC sued again in 2013. In August of 2013, the parties entered another settlement (the "2013 Settlement Agreement") whereby Anand reaffirmed his obligations in the 2012 Settlement Agreement.[4] [DE 1-4, ID #73]. Plaintiffs brought the current suit because "Defendant Anand has failed and refused to pay the delinquent taxes as required under the Guaranty and Indemnification Agreement, the 2012 Settlement Agreement and the 2013 Settlement Agreement." [DE 1 at 5, ¶ 15].

Plaintiffs have filed the Motion before the Court [DE 31] seeking (1) summary judgment on the breach of contract claim and an award of $794,008.22 against Anand, plus post-judgment interest until paid and (2) partial summary judgment declaring Anand liable for reimbursing Plaintiff's reasonable attorney fees, with amount to be determined later.

## II. DISCUSSION

### A. SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

---

month towards the Trust Fund Taxes, Anand and Chatterjee do hereby reaffirm and recommit their obligations under the Guaranty, as amended hereby, to pay the Trust Fund Taxes up to and including the maximum liability set forth in the Guaranty ($1,250,000.00) for such taxes."

[4] "Defendants hereby restate and reaffirm their obligations to Plaintiffs under Paragraphs B (pp4-7) of the 2012 Agreement (the "Tax Payment Guaranty") to the same extent that exists under the 2012 Agreement."

P. 56(a). A "genuine dispute" exists when "a reasonable jury could return a verdict for the non-moving party." *Olinger v. Corporation of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *Smith v. Perkins Bd. Of Educ.*, 708 F. 3d 821, 825 (6th Cir. 2013). In the Court's analysis, "the evidence should be viewed in the light most favorable to the non-moving party." *Ahlers v. Schebil*, 188 F. 3d 365, 369 (6th Cir. 1999) (citing *Anderson*, 477 U.S. at 255).

The initial burden falls on the moving party, who must identify portions of the record establishing the absence of a genuine issue of material fact. *Chao v. Hall Holding Co.*, 285 F. 3d 415, 424 (6th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If established, the non-moving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Id*. The non-moving party will not overcome a motion for summary judgment by simply showing "some metaphysical doubt as to the material facts." *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). In other words, "the respondent must adduce more than a scintilla of evidence to overcome the motion." *Street v. J.C. Bradford & Co.*, 886 F. 2d 1472, 1479 (6th Cir. 1989). As a "mere scintilla of evidence" is insufficient, the non-movant must show the existence of "evidence on which the jury

4

could reasonably find for the non-moving party." *Sutherland v. Mich. Dept. of Treasury*, 344 F. 3d 603, 613 (6th Cir. 2003) (citing *Anderson*, 477 U.S. at 251). Instead, the non-moving party is required to "present significant probative evidence in support of its opposition." *Chao*, 285 F. 3d at 424.

"The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, 886 F. 2d 1472 at 1479-80. Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F. 3d 654, 655 (6th Cir. 2001).

## B. THE GUARANTY

Kentucky law governs this dispute. "A guaranty agreement is one in which the promisor protects his promisee from liability for a debt resulting from the failure of a third party to honor an obligation to that promisee—thus creating a secondary liability." *Intercargo Ins. Co. v. B.W. Farrell, Inc.*, 89 S.W. 3d 422, 426 (Ky. Ct. App. 2002) (referencing 38 Am.Jur. 2d Guaranty § 14 (1999)). Under Kentucky law, breach of a guaranty is established upon a showing of the terms of the guaranty and the absence of payment. *Vesey Air, LLC v. Mayberry Aviation, LLC*, 2010 WL 3419423, at *4 (W.D. Ky. Aug. 27, 2010) (citing *Yager v. Kentucky Title Co.*, 112 Ky. 932, 66 S.W. 1027, 1028 (Ky.1902)).

The terms of the Guaranty are undisputable. As Defendant recites in his answer "The Guaranty and Indemnification Agreement referred to in Paragraph 6 of the Complaint speaks for itself..." [DE 7 at 2, ¶6]. The Guaranty, of which Anand is identified as the "Guarantor" is clear:

> "Guarantor has agreed to...guarantee the payment and performance of Cumberland's obligations to pay the trust fund portion of the delinquent federal and state withholding taxes owed by Pacer Health as of October 28, 2009 not to exceed $500,000."

[DE 34-1, ID #210]. Anand signed the Guaranty. In the case presently before the Court, Anand has not offered any defenses in formation, lack of capacity, or fraud. The terms clearly state that the guarantor is obligated to pay the trust fund taxes owed.

Defendant's response is incapable of refuting the unambiguous terms of the contract that was voluntarily entered into by Anand. In fact, Defendant in his response to the motion for summary judgment, never attacks his obligations articulated in the guaranty portion of the agreement. Defendant does not make any argument claiming that he is not actually contractually bound to be a guarantor for Cumberland.

Presenting no arguments claiming the contractual language does not bind him, Anand instead claims there is no liability because his obligations have already been satisfied. Anand presents three unpersuasive arguments. First, Anand points to his

Answer [DE 7] to show that he "denies the averments in Paragraph 15." Paragraph 15 of the Complaint [DE 1] states that Defendant "failed and refused to pay the delinquent taxes as required under the Guaranty and Indemnification Agreement." A mere blanket denial will not overcome the undeniable contractual terms that hold Defendant liable as the Guarantor nor will the unsupported declaration refute the Account Statements showing the trust fund taxes remain unpaid. [DE 31-5 and 31-6].

Second, Defendant reminds the Court of more denials made in Defendant's Restated and Supplemental Response and Answers to First Discovery Request and Answers and Responses to Second Discovery Requests [DE 34-3]. Similar to Defendant's Answer, Anand simply responds "Deny" to the allegations with no explanation other than a belief that certain documentation about the "delinquent taxes" are possessed by Plaintiffs. Again, mere denials wain in comparison to the uncontradicted contractual evidence.

Third, Defendant presents his own Declaration, where Anand claims it is his "understanding and belief that all claims by the United States Internal Revenue Service regarding obligations of the Pacer Entities for trust fund taxes have been fully and completely settled, satisfied and released (the "IRS settlement")." [DE 34-4, ID #334]. The Court finds this statement inconsequential to Defendant's responsibility to be a guarantor. Defendant's guaranty obligations are undisputed. The trust fund

7

taxes remain outstanding. Whether a settlement did or did not occur between the IRS and Defendant has no bearing upon the legal obligations owed to the plaintiffs. The Guaranty unequivocally shows Defendant made a commitment to be a guarantor. Additionally, the Guaranty, signed by Defendant, prevents the obligations from being discharged by an "arrangement" or "compromise" involving Cumberland.[5] [DE 34-1, ID #210-211]. Lastly, Defendant offers no information about this IRS settlement other than the attorneys involved and that a request for the information was executed. There is no indication of when the settlement occurred, the parties involved, or any details about its contents. Anand himself recognizes "his lack of documentation or any type of payment or other specific information [that] may defeat his request that the Motion be currently overruled." [DE 34 at 7].

There is no genuine issue of material fact regarding Defendant's obligations under the Guaranty as Anand has failed to "adduce more than a scintilla of evidence to overcome the motion." *Street v. J.C. Bradford & Co.*, 886 F. 2d 1472, 1479 (6th Cir. 1989). Defendant voluntarily signed a contract making him a guarantor for Cumberland's obligations to pay the trust fund taxes.

---

[5] "The obligations of Guarantor hereunder shall be absolute, continuing, and unconditional, and shall remain in full force and effect without regard to and shall not be released, discharged, or in any way affected by…any bankruptcy, insolvency, arrangement, compromise, assignment for the benefit of creditors or similar proceedings commenced by or against Cumberland, its successors or assigns."

Defendant does not refute this responsibility. Similarly, it is undisputed that the trust fund taxes remain outstanding. The only argument against liability presented by Defendant is the IRS settlement. However, the Defendant admits the absence of any documentation, evidence, or even minimal factual details related to the settlement and ultimately the settlement is inconsequential to the issue of whether the guaranty was breached.

Because the existence of the IRS settlement would not affect the undisputed fact that Anand is a guarantor of the trust fund taxes, there is no need for this Motion to be deferred pursuant to Rule 56(d)(1) for this matter of liability. Defendant entered into a contractual agreement obligating himself to this guaranty arrangement. Defendant is, therefore, bound to those promises.

### C. Indemnification

Because the plaintiffs are not seeking to enforce the indemnification portion of the contract, there is no need for the Court to address the issues presented by Defendant. Any matter relating exclusively to the indemnification clause, is therefore, immaterial.

### D. Amount

While there is no dispute that Anand is liable as the guarantor, the amount owed under the Guaranty remains a genuine issue of material fact. The plaintiffs seek $794,008.22, plus post-judgment interest, compounded annually. Viewing the evidence in

the light most favorable to the non-moving party, the Court is not satisfied that the plaintiffs have met their burden.

The Guaranty states that "the trust fund portion" guaranteed is "not to exceed $500,000." [DE 34-1, ID #209]. However, the guaranty section goes on to state that "[t]he amount of the maximum aggregate liability of the Guarantor hereunder shall be the principal amount $1,250,000." [*Id.* at 211]. While Defendant denies that Plaintiffs are entitled to any judgment, they additionally assert any judgment would be limited to $500,000. Plaintiffs argue the $500,000 is only limited to the trust fund portion, not total liability. Instead, Plaintiffs claim maximum aggregate liability of $1,250,000, which includes late payment interest. According to Plaintiffs' calculations the $794,008.22 amount is a combination of the account balance plus accruals.

Even if the Court were to concede that the $500,000 cap only applies to the "trust fund portion" and not the "maximum aggregate liability", Plaintiffs have failed to adequately explain the calculations. Additionally, Plaintiffs provide no clear rationale concerning why certain numbers are used in those calculations and where those numbers originated. The chaotic, and at times contradictory, calculations combined with certain undecipherable exhibits, even confused the plaintiffs who originally

10

miscalculated the amount themselves.[6] The Court finds the amount of damages, therefore, to be a genuine dispute unfit for summary judgment.

### E. Attorney Fees

The Guaranty, cited by both parties, contains a clear provision for the allocation of attorneys' fees:

> "Parties agree to pay or reimburse reasonable attorneys' fees, incurred in connection with the preservation or protection of the rights and remedies of the successful party in any such legal action brought or defendant by the successful party to such action."

[DE 34-1, ID #215]. Neither party disputes the validity of the contractual clause. However, both parties claim they are entitled to attorneys' fees as "the successful party." As this Court is granting summary judgment regarding Defendant's liability under the Guaranty, Plaintiffs are "the successful party" entitled to the attorneys' fee award. While the Court agrees that Plaintiffs are entitled to attorneys' fees, the amount of the award is not to be determined at this time. Instead, a separate order or judgement will be made at a later date, after appropriate submission of proof has been given to the Court.

---

[6] In Plaintiffs' Motion for Summary Judgment they calculated their damages to be $729,916.48  [DE 31, at 9] and asked the Court for relief in that amount. However, in Plaintiffs' Reply, they admit their erroneous calculation, and now petition the Court to grant summary judgment in their favor for $794,008.22.

### III. Conclusion

Having considered the matter fully, and being otherwise sufficiently advised,

**IT IS ORDERED** as follows:

(1)    Plaintiffs' Motion for Summary Judgement [DE 31] is **GRANTED IN PART**, insofar as it pertains to Defendant being liable for breach of the Guaranty Agreement (Count I), and **DENIED IN PART**, insofar as it pertains to the amount of damages to be awarded for breach of the Guaranty Agreement.

(2)    Plaintiffs' Motion for Summary Judgement [DE 31] is **GRANTED IN PART**, insofar as it pertains to Defendant being liable for attorneys' fees with amount of the award to be deferred for later proceedings and after such submissions of proofs.

This the 22nd Day of September, 2021.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge