UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| JOHN VINCENT and JOHN CHI, ) | |
| ) | |
| Plaintiffs, ) | Civil No. 5:18-cv-00419-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ASHWINDI ANAND, ) | **&** |
| ) | **ORDER** |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on numerous motions filed by the Plaintiffs. They are attempting to enforce the Court's Judgment against the Defendant. [R. 56.] These motions are resolved as explained below.

**I**

The Plaintiffs brought this case alleging that the Defendant violated multiple settlement agreements between the parties. [R. 1.] The matter was initially assigned to Judge Hood, who granted the Plaintiffs summary judgment on their breach of contract claims but deferred ruling on damages. [R. 40.] After the matter was reassigned to the undersigned, the Court entered Judgment in the Plaintiffs' favor in the amount of $794,008.22. [R. 56.] The Defendant appealed orders granting the Plaintiffs summary judgment and the corresponding Judgment in their favor. [R. 63.] In the meantime, the Plaintiffs are attempting to enforce that Judgment through multiple motions. [*See, e.g.* R 57; R. 58; R. 67; R. 88.] Each pending motion will be addressed in turn.

II

A

First, the Plaintiffs filed a Bill of Costs and Motion for Attorney's Fees. [R. 57; R. 58.] The requested fees and costs would reimburse the Plaintiffs' attorneys for their representation in this case. The Defendant opposes the Motions. [R. 62.] He argues that the appeal makes "any rational determination of the entitlement to or reasonableness of any attorney fees" impossible. *Id.* at 2.

By prior order, Judge Hood determined that the Plaintiffs are entitled to contractual attorney's fees. [R. 40 at 11.] The Guaranty which the Defendant breached provided that the "successful party" would be reimbursed for "reasonable attorney's fees." [R. 34-1 at 8.] At this time, the Plaintiffs are the "successful party" because the Court granted them summary judgment. [R. 40 at 11.] However, the Notice of Appeal filed by the Defendant makes their motions for attorney's fees and bill of costs premature. The Defendant's success or failure on appeal could impact whether the Plaintiffs are the successful party and are accordingly entitled to fees under the Guaranty. [*See* R. 34-1 at 8.]

District courts regularly defer ruling on requests for attorney's fees while an appeal is pending. *See, e.g.*, *Nat'l Farmers' Org. v. Assoc. Milk Prod., Inc.*, 850 F.2d 1286, 1312 (8th Cir. 1988); *Kryder v. Estate of Rogers*, 321 F. Supp. 3d 803, 809-10 (M.D. Tenn. 2018). The advisory notes contemplate this approach, stating that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d), Advisory Committee Notes (1993). The Court finds that deferring its ruling on the Motion for Attorney's Fees is prudent and promotes

2

judicial economy. Accordingly, it will deny the requests without prejudice and allow the parties to renew any request for attorney's fees within thirty days following resolution of the appeal in this matter.

**B**

The Plaintiffs also seek leave to file their attorney fee invoices under seal. [R. 65.] Their motion for attorney's fees asks the Court to review their invoices *in camera.* [R. 50 (renewed at R. 58).] They argue that the invoices are protected by attorney-client privilege and work-product doctrine and that the Court can determine the appropriate amount of fees from the submitted affidavits. *Id.* at 6. The Court will conditionally grant the motion to seal the invoices while ruling on the motion for attorney's fees is deferred.

**C**

Next, the Plaintiffs seek a charging order. [R. 67.] The Federal Rules contemplate that execution procedures "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). A charging order is an enforcement mechanism provided by Kentucky law. KRS § 275.260. It provides that "the judgment creditor of a member or the assignee of a member may satisfy a judgment out of the judgment debtor's limited liability company interest." *Id.* Under this provision, the Plaintiffs seek an order charging the Defendant's membership in any LLC with payment of the Judgment. *Id.* at 2. The Defendant did not oppose the request.

The Plaintiffs are entitled to a charging order. They are judgment creditors of an individual—the Defendant—who is a member of multiple limited liability companies. [R. 67-2.] Accordingly, the Court "may charge the judgment debtor's interest in the limited liability company with payment of the unsatisfied amount of the judgment." KRS § 275.260(2). But "to

3

the extent so charged, the judgment creditor has only the rights of an assignee and shall have no right to participate in the management or to cause the dissolution of the limited liability company." *Id.* The Court will grant the motion for charging order. [R. 67.]

**D**

Finally, the Plaintiffs seek a writ of execution. [R. 88.] As a matter of course, writs of execution are issued by the Clerk of Court and not by the Court itself. Further, the application is typically submitted on Writ of Execution form, which is accessible on the District's website. The Court will deny the motion for a writ of execution without prejudice. The Plaintiffs may renew the request using the proper procedure.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Plaintiffs' Motion for Attorney's Fees **[R. 58]** is hereby **DENIED WITHOUT PREJUDICE**. The parties may submit requests for attorney's fees within **thirty (30) days** after the appeal has been resolved;

2. The Plaintiffs' Motion to Seal **[R. 65]** is **GRANTED**;

3. The Plaintiffs' Motion for Charging Order **[R. 67]** is **GRANTED**. Any interest the Defendant has in a limited liability company shall be **CHARGED** with payment of this Court's Judgment plus interests, costs, and attorney's fees as have been or may be awarded. The charging order **SHALL** constitute an encumbrance and lien on and the right to receive distributions made with respect to Defendant's membership interest or share in the Charged LLCs, in favor of and for the benefit of John Vincent and John Chi. If the Charged LLCs make distributions of any kind, said LLCs **SHALL** pay the entire and full amount of the distribution to

Plaintiffs' counsel, unless and until this Court's Judgement (plus interests, costs, and attorney fees as have been or may be awarded) has been satisfied in its entirety. If any of the Charged LLCs make any distributions of any kind to other members of the Charged LLCs, a corresponding disbursement for Defendant's share/interest **SHALL** be made at the same time to Plaintiffs' counsel unless and until this Court's Judgement (plus interests, costs, and attorney fees as has or may be awarded) has been satisfied in its entirety; and,

    4. The Plaintiffs' Motion for Writ of Execution **[R. 88]** is **DENIED WITHOUT PREJUDICE**.

    This the 27th day of June, 2023.

Gregory F. Van Tatenhove
United States District Judge